IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MAIN & ASSOCIATES, INC. | ) | |
| d/b/a SOUTHERN SPRINGS | ) | |
| HEALTHCARE FACILITY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-326-MEF |
| | ) | |
| BLUE CROSS AND BLUE SHIELD | ) | (WO) |
| OF ALABAMA, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Submit Filing Under Seal (Doc. # 16) filed on May 18, 2010 by Defendant Blue Cross and Blue Shield of Alabama ("BCBS").

**FACTUAL AND PROCEDURAL HISTORY**

On March 12, 2010, Plaintiff Main and Associates, Inc. ("Main")[1] filed suit against BCBS in the Circuit Court for Bullock County, Alabama. By its Complaint, Main seeks to bring suit against BCBS individually and on behalf of a class of similarly situated entities or persons. Main alleges that BCBS wrongfully and tortiously failed to provide coverage and benefits for Medicare-covered services Main and other class members performed despite a legal and contractual duty to do so. Main seeks relief pursuant to Alabama law for breach

---

[1] Main does business as Southern Springs Healthcare Facility, which is a skilled nursing facility that provides nursing home healthcare to patients in and around Union Springs, Alabama.

of contract (Count I), intentional interference with business relations (Count II), negligence and wantonness (Count III), and unjust enrichment (Count IV). In addition to seeking monetary relief, Main also seeks equitable injunctive relief.

On April 15, 2010, BCBS removed the case to this Court. BCBS invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331. BCBS contends that Count IV of the Complaint is actually a claim under the federal False Claims Act, 31 U.S.C. §§ 3729 and 3732. It also asserts that the claims are claims for Medicare benefits or are inextricably intertwined with claims for Medicare benefits which means that this action arises under the Medicare Prescription Drug, Improvement, and Modernization Act of 2003. Finally, it argues that the Medicare Act, as amended by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 completely preempts Main's claims pursuant to Alabama law. On April 28, 2010, Main filed a motion seeking remand of the case to state court. Main contends that the action asserts no claims that are founded upon or arise under federal law.

On May 18, 2010, BCBS filed its opposition to the motion to remand. As part of its submissions in support of this opposition, BCBS submitted an affidavit from Ashley Mosko ("Mosko"). BCBS asks this Court to seal the exhibits attached to the Mosko affidavit. The exhibits BCBS would have sealed are: its application to operate the Medicare Advantage PPO coordinated care plan at issue in this case, the executed Medicare Advantage contract, and the prototype contract that BCBS proposed to enter with skilled nursing facilities to

provide Medicare Advantage benefits. BCBS asserts in a conclusory fashion that these exhibits are "confidential and sensitive business proprietary documents and that its ongoing financial and business interests will be subject to harm and exploitation in the event that the exhibits are held in the public record.

## DISCUSSION

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). There is a limited First Amendment right of access to civil trial proceedings. *See Chicago Tribune*, 263 F.3d at 1310. In addition, the public has a common-law right to inspect and copy judicial records, although the right is not absolute. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-98 (1978). Absent a showing that the interests of non-disclosure outweigh the public's common law right of access, courts often deny even joint motions to seal in civil cases. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002) (denying joint motion to maintain certain documents under seal); *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514 (E.D. La. 2005) (denying joint motion to seal court record); *Stamp v. Overnite Transp. Co.*, No. Civ. A. 96-2320-GTV, 1998 WL 229538 (D. Kan. Apr. 10, 1998) (denying joint motion to seal court record).

A federal court's authority to seal or otherwise prevent public access to documents or proceedings is derived from Rule 26(c) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(c); *see also In re Estate of Martin Luther King, Jr., Inc., v. CBS, Inc.*, 184 F. Supp.

2d 1353, 1362 (N.D. Ga. 2002). In relevant part, Rule 26(c) provides:

> Protective Orders. Upon motion by a party or by the person from whom discovery is sought . . . for *good cause* shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . . .
> (6) that a deposition, after being sealed, be opened only by order of the court;
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed. R. Civ. P. 26(c) (emphasis added).

Analysis of whether materials submitted in conjunction with the motions in this case are subject to either the common-law right of access or the First Amendment right of access requires the Court to assess whether the proponent of sealing the documents has satisfied the "good cause" showing required by Federal Rule of Civil Procedure 26(c). *See, e.g., Chicago Tribune*, 263 F.3d at 1310-15; *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1365-67. This analysis requires the Court to (1) determine whether valid grounds for the issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality. *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1366.

Even when no third party challenges a motion to seal, however, the Court must still

4

ensure that the motion is supported by good cause. *See Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1363. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (internal citation omitted).

At this point, the Court is not persuaded that BCBS has met its burden of articulating good cause as required for sealing the documents pursuant to Federal Rule of Civil Procedure 26(c). Therefore, in light of the foregoing authorities, it is hereby ORDERED that:

(1) BCBS submit additional argument in support of the Motion to Submit Filing Under Seal (Doc. # 16) in writing on or before June 1, 2010. BCBS's submission in response to this Order should cite legal precedent and make specific arguments as to why that precedent supports its position with respect to filing particular type of exhibits under seal.

(2) Main shall file its response on or before June 8, 2010.

DONE this the 20th day of May, 2010.

                                          /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE